**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MODERN WOMAN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-X, unknown individuals of infringing swarm [0e750a399c735a3f2d67c56aad477173c443a7c1] identified by Internet Protocol address, <br><br> Defendants. | Civil Action No. 2:12-cv-04860 (CCC)(JAD) <br><br> **OPINION** |

This matter comes before the Court upon motion by plaintiff Modern Woman, LLC ("Plaintiff") for leave to take expedited discovery prior to the Rule 26(f) conference. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion is **granted in part and denied in part.**

I.   **BACKGROUND.**

This action involves the alleged illegal distribution of Plaintiff's copyrighted work, namely the motion picture "The Woman,"[1] (hereinafter, the "Work") on the Internet.

On August 30, 2012, Plaintiff filed a Complaint against various "John Doe" defendants[2] that Plaintiff identified only by IP address (the "Defendants"), asserting claims for direct and

---

[1] Plaintiff alleged that "The Woman" is the subject of a valid Certificate of Registration (No.: Pau3610613) issued by the register of copyrights. (Compl. ¶ 14, ECF No. 1). Plaintiff further alleged that it has been the holder of the pertinent rights in and to "The Woman." (Id.).

1

contributory copyright infringement. Plaintiff alleged that Defendants illegally copied and distributed the Work on the Internet using so called peer-to-peer ("P2P") file "swapping" networks. (Br. Supp. Mot. Expedited Disc. 1, ECF No. 5).

According to Plaintiff, Defendants utilized a torrent to infringe upon Plaintiff's copyright in the Work. (Compl. ¶ 8, ECF No. 1). Plaintiff explained the operation of the relevant torrent as follows: the torrent creates a network of computers and Internet connections that permits Internet users, regardless of the limited uploading and downloading capabilities of their Internet service account, to participate in transferring large amounts of data across the P2P network. (Id.). In a torrent, the initial file provider intentionally chooses to share a file with the torrent and this initial file is called a "seed." (Id. at ¶ 9). Other users in the network, known as "peers," connect to the seed file in order to download the work to their own computers. (Id.). In traditional P2P networks, a user needed to download the entire file from only one other user and that user had to make the entire file available for downloading. (Id. at ¶ 10). The torrent technology, however, allows each downloading user to receive pieces of a file from multiple users that together comprise the whole, while at the same time provides that the downloading user simultaneously becomes an uploader as well. (Id.). This piecemeal downloading system is referred to as a "swarm," which leads to viral spreading of the file by a continuous series of downloads and uploads, or distributions, between members of the swarm. (Id. at ¶ 11). According to Plaintiff, every user who downloads the file also disseminates the file to others, thus each user is simultaneously both a copier and a distributor within the torrent swarm. (Id.)

---

[2] Specifically, Plaintiff named "Does 1-X, unknown individuals of infringing swarm [0e750a399c735a3f2d67c56aad477173c443a7c1] identified by Internet Protocol address" (the "Swarm"). (Compl. 1, ECF No. 1).

Plaintiff retained the technology company Anti Piracy Internet Solutions ("APIS") to document evidence of the unauthorized reproduction and distribution of the Work. (Tonino Decl. ¶ 4, ECF No. 5-2).[3] APIS conducted searches of several P2P networks to look for network users who were offering illegal copies of the Work. (Id. at ¶ 7). APIS was able to connect to the Swarm and, thereafter, identified the IP address of each network user in the Swarm offering the file for download. (Id.). APIS created a log that identified the (a) date and time at which the file or a part of the file was distributed by the network user; and (b) the IP address assigned to each network user at the time of the alleged infringement. (Id.).

Plaintiff alleged that it currently can only identify Defendants by their IP addresses and cannot establish Defendants' true identities without obtaining information from their respective internet service providers ("ISPs"). ISPs are the entities that provide internet service and assigned an IP address to the "John Doe" Defendants. (Compl. ¶ 6, ECF No. 1). According to Plaintiff, the ISPs maintain service logs that identify account holders by IP address. By issuing subpoenas to ISPs to disclose the identity of the IP addresses' account holders, Plaintiff argued that it would secure the identities of the parties engaged in the illegal distribution of its work. (Br. Supp. Mot. Expedited Disc. 1, ECF No. 5). Specifically, Plaintiff seeks to obtain the account holders' name, current (and permanent) address, and email address. (Proposed Order 1, ECF No. 5). Plaintiff argued that good cause exists to justify expedited discovery because it cannot otherwise identify the alleged infringers and ISPs typically only retain their IP service logs for a "finite period of time." (Br. Supp. Mot. Expedited Disc. 1, ECF No. 5). Thus, there is a danger that if Plaintiff does not begin the process of issuing Rule 45 subpoenas promptly, the discovery leading to the identification of the IP address account holders may be lost. (Id. at 2).

---

[3] Plaintiff asserted that APIS is a private company that employs certified Internet Technology professionals and specializes in data analysis of piracy over P2P networks. (Tonino Decl. ¶ 4, ECF No. 5-2).

## II. **LEGAL STANDARD.**

Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court, however, may grant leave to conduct discovery prior to a conference. See id. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances . . .". Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test. See In re Bittorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting limited early discovery only as to John Doe 1); Pacific Century Int'l. Ltd. v. Does 1-101, No. 11-2533, 2011 WL 5117424, *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

## III. **ANALYSIS.**

Courts in this District have identified two problems that preclude Plaintiff from obtaining the full extent of the expedited discovery that it seeks.

The first issue concerns joinder. In recent cases in this District, courts determined that joinder of numerous John Doe defendants, such as those named herein, is inappropriate. See Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1-187, No. 12-3865

4

(D.N.J. Oct. 10, 2012); <u>Third Degree Films, Inc. v. John Does 1-110</u>, Civ. A. No. 2:12-cv-5817 (D.N.J. Jan. 17, 2013). The concern of these courts was enunciated as follows:

> There is a split among federal courts across the country as to whether the numerous defendants in copyright infringement cases such as this have been properly joined. <u>See</u>, <u>e.g.</u> <u>Media Products, Inc. v. John Does 1-26</u>, No. 12 Civ. 3719, 2012 WL 3866492, *2 (S.D.N.Y. September 4, 2012) (holding that joinder of 26 defendants in copyright infringement action is improper); <u>Third Degree Films, Inc. v. Does 1-131</u>, 280 F.R.D. 493, 497-99 (D. Ariz. 2012) (holding that joinder of 131 defendants in copyright infringement action is improper); <u>Malibu Media, LLC v. John Does 1-5</u>, No. 12-cv-2954, 2012 WL 3641291, *3-*5 (S.D.N.Y. August 24, 2012) (holding that joinder of 5 defendants in copyright infringement action is proper). While this Court appreciates that those who participate in the same swarm are virtually "connected" by the same copyrighted work, this Court is not convinced that the purported instances of distribution, as identified by digital rights enforcement company Baseprotect and listed in Schedule B of the complaint, are a part of the same transaction, particularly because they span across various dates and times. Although there may be multiple individuals who distribute pieces of the same work and are thereby described as being in the same swarm, it is probable that different people within the swarm never distribute a piece of the work to the same person, or at the same moment in time. <u>Third Degree Films</u>, 280 F.R.D. at 498 (finding that participation in the same swarm does not constitute the same transaction or occurrence or series of transactions or occurrences for purposes of joinder because a particular swarm "can last for many months" and "[d]uring those months, the initial participants may never overlap with later participants"); <u>see</u> <u>also</u> June 18, 2012 Declaration of David Farris ¶ 25. Without more connecting them, 187 defendants who have distributed pieces of the work at different times cannot be permissively joined in this case. For joinder to be appropriate, Plaintiff must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction. For example, the Plaintiff might be able to establish joinder by showing that on a certain date and time, a particular subset of the swarm distributed pieces of the work to a common downloader.

<u>Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1-187</u>, No. 12-3855 (D.N.J. Oct. 10, 2012).

In Amselfilm Prod., Judge Hochberg severed and dismissed without prejudice to re-file all claims against all defendants except John Doe 1. This Court shares these same concerns and, therefore, adopts the same reasoning and result. See Third Degree Films, Inc. v. John Does 1-110, Civ. A. No. 2:12-cv-5817 (D.N.J. Jan. 17, 2013). Although not in a position to dismiss claims at this time, the Court will only address the request to conduct expedited discovery as to John Doe 1. In addition, the Court hereby orders Plaintiff to show cause on April 1, 2013 at 2:00 p.m. before the Honorable Joseph A. Dickson, U.S.M.J., 50 Walnut Street, Newark NJ, Courtroom 2D, why this Court should not recommend a *sua sponte* dismissal of this case without prejudice to re-file any individual matters against putative defendants. Plaintiff shall file any papers in support of its position on or before March 18, 2013.

The second issue concerns whether Plaintiff should be permitted to serve expedited discovery in the form of Rule 45 subpoenas on various ISPs in order to obtain information that will allegedly reveal the true identity of John Doe 1 by connecting the IP address Plaintiff currently possesses to the account holder information of that IP address, which is in the possession of the ISP. In an almost identical case in which a plaintiff sought this type of expedited discovery when it was only able to identify the John Doe defendants by IP address, the Honorable Mark Falk, U.S.M.J. denied the request for expedited discovery, without prejudice, on the basis that: "[g]ranting Plaintiff's motion has the potential to permit Plaintiff to obtain detailed personal information of innocent individuals. This could subject an innocent individual to an unjustified burden." Third Degree Films, Inc. v. John Does 1-110, Civ. A. No. 2:12-cv-5817 (D.N.J. Jan. 17, 2013). Specifically, Judge Falk explained the concern as follows:

> In some instances, the IP subscriber and the John Doe defendant may not be the same individual. Indeed, the infringer might be someone other than the subscriber; for instance, someone in the subscriber's household, a visitor to the subscriber's home or even

> someone in the vicinity that gains access to the network. See <u>VPR Internationale v. Does 1-1017</u>, No. 11-2068, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011). As a result, Plaintiff's sought after discovery has the potential to ensnare numerous innocent internet users into the litigation placing a burden on them that outweighs Plaintiff's need for discovery as framed.

<u>Id.</u>

This Court disagrees that the information sought by Plaintiff is as limited as Plaintiff suggests. Plaintiff seeks all information regarding the account holder of a certain IP address, including the account holders' name, current (and permanent) address, and email address. (Proposed Order 1, ECF No. 5). The release of this information could impose an undue burden on individuals who may have provided their information to an ISP, but who did not engage in the alleged illegal distribution of Plaintiff's work.

This distinction – namely the difference in identity between the holder of an IP account and the individual who improperly distributed the copyrighted work – is critical and not likely addressed by the so-called "limited" discovery sought by Plaintiff. Even permitting Plaintiff to obtain the expedited discovery that it seeks would not necessarily reveal the appropriate defendant's identity. It will only provide the account holder. The second step would be for Plaintiff to determine whether that particular IP account holder accessed the Swarm and illegally distributed the copyrighted work. See <u>Pac. Century Int'l Ltd. v. Does</u>, C-11-02533 DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). In other words, Plaintiff must go beyond the "limited discovery" that it asserted would lead to the John Doe defendants' identities. <u>Id.</u> The burdens associated with the potentially expansive and intrusive discovery that Plaintiff may need to propound in order to obtain the John Doe defendants' identities likely would outweigh Plaintiff's need for expedited discovery. <u>Id.</u> (citations omitted).

Notwithstanding these concerns, the Court recognizes that Plaintiff, as the alleged owner of a copyright work, should not be left without the ability to ascertain the identity of those individuals who are allegedly infringing its copyright by illegal distribution. See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *1, *13 (E.D.N.Y. May 1, 2012). Thus, the Court must endeavor to fashion a remedy that will ensure that the rights of all parties are adequately protected. Id. The Court shall grant Plaintiff's request for leave to take expedited discovery in the following form, and with the following limitations, only: Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on the ISP that provided internet service to the defendant designated (by IP address) as John Doe 1. The subpoena may only seek the name and address of the account holder of such IP address. Under no circumstances is Plaintiff permitted to seek or obtain the telephone number(s) or email address(es) of this individual, or seek to obtain information about any potential John Doe defendant other than John Doe 1. Plaintiff shall attach a copy of the Order that shall accompany this Opinion to the subpoena. Information obtained from the ISP shall only be used for the purpose of this litigation and Plaintiff shall be prepared to provide copies of the responsive information to the specific defendant who may enter an appearance in this case.[4] All other aspects of Plaintiff's motion for expedited discovery are denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for expedited discovery in advance of the Rule 26(f) conference is **granted in part and denied in part** as outlined above.

---

[4] If Plaintiff filed an Amended Complaint to substitute a John Doe defendant with the proper name of a defendant, then it shall ensure that it has a factual basis for the assertion that such defendant engaged in the alleged acts. By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the fact that the named defendant is the person identified as the subscriber associated with the IP address to prove that such person engaged in the acts set forth in the Complaint.

In addition, the Court shall order Plaintiff to show cause on April 1, 2013 at 2:00 p.m. before the Honorable Joseph A. Dickson, U.S.M.J., 50 Walnut Street, Newark NJ, Courtroom 2D, why this Court should not recommend a *sua sponte* dismissal of this case without prejudice to re-file any individual matters against putative defendants. Plaintiff shall file any papers in support of its position on or before March 18, 2013.

SO ORDERED

Joseph A. Dickson, U.S.M.J.

cc.   Honorable Claire C. Cecchi, U.S.D.J.